## E. G. GARRISON v. W. A. GROGAN ET AL.

An antenuptial contract, by which the wife is to receive less than the value of her dower interest in the estate of her husband, must be reasonable, as compared with the rest of his estate and in respect of the circumstances of the parties to the contract, in order to be enforced by a court of equity. Where the husband owned a lot of ground thirty-five feet in front on Fifth street in Cincinnati, and by an antenuptial agreement settled upon his wife, in lieu of dower, a life estate in one-third of ten feet only of said lot, and where the personal estate was found to be only $74, such agree-

Garrison *v.* Grogan et al.

ment was held not to be reasonable, and the court would not enforce it, by preventing the widow from having dower assigned in the thirty-five feet of ground.

*Swormstedt*, for plaintiff.

*Goodman & Storer*, for defendant.

TAFT, J. This was a petition for dower filed by Emma Garrison, as widow of Wm. Grogan, deceased, making Wm. H. Grogan, only son and heir of her husband, and John Parker, the administrator of his estate, parties defendant. The suit is by her next friend, Edward L. Parris, she being a married woman.

The answer of Wm. H. Grogan, by his guardian, avers that the petitioner, who was the second wife of his father, Wm. Grogan, entered into an antenuptial agreement, by which she accepted as her jointure, in lieu of dower, a lot of land in the answer described, which was, by the agreement, to be in full of her right in the estate of the deceased, unless he should make further provision by his will; and that by his will he gave her all his personalty, and gave his son, the defendant, all the rest of his estate except what was settled upon the petitioner by the antenuptial agreement.

That after his father's decease, the petitioner declined to accept the bequest under the will, but did receive, under the order of the court, all the personal estate, which was but $74.

To this answer the plaintiff demurs. Reference is made by the plaintiff's counsel to the case of *Stilley and wife* v. *Folger*, 14 Ohio, 610, in which the suit was for dower, and the defense set up was an antenuptial agreement giving the wife $600, in lieu and bar of dower.

It was held "that *a reasonable* antenuptial agreement would bar the wife's dower, though its terms were not such as to constitute a good legal jointure," and that inasmuch as there was no showing that the agreement was not reasonable under all the circumstances, the agreement was held to be a bar. The court says, "There is not, however,

with the proofs, anything satisfactory to show the value of the real estate of the husband, or of which he died seized; and without such evidence, no such deduction can be legitimately drawn," and dismissed the bill.

In the present case, the antenuptial agreement was not a legal jointure, and is to be sustained, if at all, as an equitable bar to the right of the widow to claim dower.

In *Murphy* v. *Murphy*, 12 Ohio St. 417, the court said, "That it might, therefore, be well doubted whether the bare contract itself, although fair and reasonable in its terms, and *bona fide*, entered into by the parties, could, unless within the statutory provision, constitute a defense to a claim for dower at common law, or by writ of dower on the part of a widow. Indeed, it might be doubted whether the contract so made and entered into by the parties prior to the marriage, although valid as an antenuptial contract, would, in law or equity, constitute a bar to the plaintiff's right to dower in the land." Section 4 seems to embrace precisely such a case in the provision, "That when any conveyance, intended to be in lieu of dower, shall, through any defect, fail to be a legal bar thereto, and the widow, availing herself of such defect, shall demand her dower, the estate and interest so conveyed to said widow shall thereupon cease and determine." But in that case, the plaintiff had received the property intended by the antenuptial agreement to be in lieu of dower, and accepted the provisions of the will in her favor, which were predicated upon the performance of the agreement on both sides, and to allow her to have dower also would have been inequitable and unjust to the heirs.

In the present case, it seems that the plaintiff has not taken dower under the agreement, nor received the bequest under the will. From the petition it appears that the deceased was the owner of a lot of ground in the city, 35 feet in front by 116 feet in depth, and the agreement gave to the petitioner a life estate in one undivided third of ten feet of said lot, making 3⅓ feet. And the personalty which she

would have received under the will, and which she did receive from the court, was but $74.

The court at Special Term held that this was not a reasonable agreement. It allowed the widow less than a third part of what the law would have given her. The judge regarded it as inequitable to enforce such an agreement.

We should have been better satisfied with the plaintiff's petition if it had stated more specifically the circumstances of the deceased as to his indebtedness or otherwise, and the value of the property. We do not regard it as essential to a settlement by an antenuptial agreement, that it should give the wife as much as the law would give her. A case might exist in which it would be reasonably less.

In the present case, however, there does not appear to be any good reason why the wife should not have her dower in this small estate, or its equivalent, and we have concluded to affirm the judgment at Special Term.